FILED

2010 May-27  PM 02:11
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

JUANITA S. MACLIN,          )
                           )
       Plaintiff,         )
                           )
       v.                )     CIVIL ACTION NO. 09-G-1059-NE
                           )
MICHAEL J. ASTRUE,        )
Commissioner of Social Security,  )
                           )
       Defendant.      )
                           )
                           )

## MEMORANDUM OPINION

The plaintiff, Juanita S. Maclin, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security benefits. Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. §405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached

is reasonable and supported by substantial evidence." <u>Bloodsworth</u>, at 1239 (citations omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." <u>Bloodsworth</u>, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish his entitlement for a period of disability, a claimant must be disabled.  The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I).  For the purposes of establishing entitlement to disability benefits, physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R.§ 404.1520(a)-(f).  The Commissioner must determine in sequence:

(1)     whether the claimant is currently employed;

(2)     whether she has a severe impairment;

(3)     whether her impairment meets or equals one listed by the Secretary;

(4)     whether the claimant can perform her past work; and

(5)     whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir.1993); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).  "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job."  Pope at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).  The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers.  Id.

        In the instant case,  ALJ Patrick R. Digby determined the plaintiff met the first two tests, but concluded that while the plaintiff's history of right and left carpal tunnel release surgery and major depressive disorder are "severe" in combination, they did not meet or medically equal a listed impairment.  [R. 15].  The ALJ found the plaintiff unable to perform her past relevant work.  Once it is determined that the plaintiff cannot return to his prior work, "the burden shifts to the [Commissioner] to show other work the claimant can do."  Foote, at 1559.

## THE STANDARD WHEN THE CLAIMANT TESTIFIES SHE SUFFERS FROM DISABLING PAIN OR OTHER SUBJECTIVE SYMPTOMS

        In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms."  Foote, at 1560.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Foote, at 1560 (quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).  In this circuit medical evidence of pain itself, or of its intensity, is not required.

> While both the regulations and the Hand standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself.  Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the Hand standard a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself.  See 20 CFR §§ 404.1529 and 416.929; Hale at 1011.

Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)(parenthetical information omitted)(emphasis added).  Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability."  Foote at 1561.  Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, he must be found disabled unless that testimony is properly discredited.

> When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision.

> It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true.  Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987).  Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substantial evidence, the pain testimony of the plaintiff must be accepted as true.

### WHEN ADDITIONAL EVIDENCE IS SUBMITTED TO THE APPEALS COUNCIL

Claimants are permitted to submit new evidence at each step of the review process, 20 C.F.R. § 404.900(b)("In each step of the review process, you may present any information you feel is helpful to your case.  [W]e will consider at each step of the review process any information you present as well as all the information in our records.").  The Appeals Council is required to consider the entire record, "including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision."  20 C.F.R. § 404.970(b); Keeton v. Department of Health and Human Services, 21 F.3d 1064, 1066 (11th Cir. 1994).

To be material the proffered evidence must be "relevant and probative so that there is a reasonable possibility that it would change the administrative result." Caulder, at 877.  A review of the evidence submitted to the Appeals Council demonstrates that it meets all of the requirements of the regulations for consideration by the Appeals Council.  Because the Appeals Council actually considered the evidence, the court will only review whether the Appeals Council committed reversible error in refusing to review the plaintiff's case in light of that evidence.  The Regulations require the Appeals council

to "review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record."  20 C.F.R. § 404.970(b).

Moreover, a "district court must consider evidence not submitted to the administrative law judge but considered by the Appeals Council when the court reviews the Commissioner's final decision denying Social Security benefits."  Ingram v. Astrue, 496 F.3d 1253, 1258 (11th Cir. 2007).  "[W]hen a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous."  Ingram at 1262.

> In Bowen v. Heckler, the claimant filed evidence in the Appeals Council, which considered the evidence but denied review.  748 F.2d 629 (11th Cir. 1984).  We held that "the Appeals Council did not adequately evaluate the additional evidence" and, citing earlier precedents, reasoned that "[w]e have previously been unable to hold that the Secretary's findings were supported by substantial evidence under circumstances such as these."  Id. at 634. . . . After quoting sentence four of section 405(g) in full and discussing it at length, we concluded that a reversal of the final decision of the Commissioner was appropriate.  We held that "the Appeals Council should have awarded Bowen disability insurance benefits," and we remanded to the district court "for entry of an order . . . that such an award be made."  Id. at 637.

Ingram at 1263.

## DISCUSSION

At the administrative hearing, the plaintiff amended her onset date to January 29, 2006, her 50th birthday.  [R. 51, 95].  In his decision, the ALJ found that the plaintiff suffered from the severe impairments of "lumbar degenerative disc disease,

obesity, status post breast cancer surgery, and hypertension." [R. 19].     However, he

found that the plaintiff "does not have an impairment or combination of impairments that

meets or medically equals one of the listed impairments. . . ." [R. 20].  The ALJ found

that the plaintiff has the residual functional capacity to perform a reduced range of light

work with a sit/stand option.  [Id.].  He concluded under step five of the sequential

evaluation that the plaintiff can perform other work that exists in significant numbers in

the national economy and is, therefore, not disabled. [R. 25-26].

Despite evidence in the record of an assessment of osteoarthritis by the

plaintiff's treating physician Dwight Luckett, M.D., on December 4, 2006, and a January

22, 2007, diagnosis of osteoarthritis of the right knee with possible chondromalacia[1] of

the patella [R. 281-284], the ALJ minimized the plaintiff's complaints of knee pain and

failed to include osteoarthritis and knee pain as severe impairments.  The ALJ stated:

> It is also noted, that while the claimant, that while the claimant has
> complained of knee pain, no specific diagnosis has been given regarding
> her knees.  Osteoarthritis has been mentioned in the medical records, but
> there is no objective evidence of any knee problems.

[R. 24].  This conclusion is not supported by substantial evidence.  It is a well established

principle that the ALJ must present a hypothetical to the Vocational Expert that includes

all of a plaintiff's conditions and limitations.  Pendley v. Heckler, 767 F.2d 1561 (11th

Cir. 1985).  The Vocational Expert's testimony does not constitute substantial evidence

---

[1] "[P]ain and crepitus over the anterior aspect of the knee, particularly in flexion,
with softening of the cartilage on the articular surface of the patella and, in later stages,
effusion."  Dorland's Illustrated Medical Dictionary 321 (28th Ed. 1994).

absent a comprehensive hypothetical.  Wilson v. Barnhart, 284 F.3d 1219 (11th Cir. 2002).

The ALJ's findings are not based upon substantial evidence because he excluded the

conditions of osteoarthritis and knee pain in his findings of severe impairments and

residual functional capacity.  When a claimant has multiple impairments they must be

considered in combination.

> [A] claim for social security benefits based on disability may lie even
> though none of the impairments, considered individually, is disabling.  In
> such instances, it is the duty of the administrative law judge to make
> specific and well-articulated findings as to the effect of the combination of
> impairments and to decide whether the combined impairments cause the
> claimant to be disabled.

Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984).

Having amended her onset date to her 50th birthday, the plaintiff, with a

high school education and unable to perform her past unskilled medium and light work,

would meet Medical Vocational Rule (MVR) 201.12 had the ALJ found an RFC for

sedentary work.  Instead, the ALJ found an RFC of a reduced range of light work with a

sit/stand option. [R. 20].  Despite the plaintiff's 30-year work history, the ALJ found that

her testimony regarding her pain was less than credible:

> The claimant reports limits in sitting, standing, and walking.  She describes
> problems due to back pain, and problems with her knee.  This is taken into
> consideration in the claimant's residual functional capacity, as she is given
> a sit/stand option.  The claimant uses no assistive device for walking
> (Exhibit 5E).  She testified that she cleans the house during the day at 20-30
> minute intervals.  She is able to fix herself something to eat.  She has a
> driver's license and drives some.  She goes to Wal-Mart.  She indicated that
> she uses the electric cart at Wal-Mart (Exhibit 5E).  Her activities vary
> between sitting and standing; thus, her daily activities are consistent with
> the ability to alternate between sitting and standing.  It is also noted, that

while the claimant has complained of knee pain, no specific diagnosis has been given regarding her knees. Osteoarthritis has been mentioned in the medical records, but there is no objective evidence of any knee problems.

The claimant also testified to difficulty with her hands. There is no medical evidence in the file that the claimant is unable to perform work at the light exertional level. No physician has provided her with any restrictions. Despite her allegations of problems with her left arm due to her breast surgery, there is no medical evidence that the claimant has reported these problems to her physician. In addition, the claimant has shown the ability to use her hands. She drives a vehicle, she cooks, and she performs housework. The claimant also drives a motorized cart at Wal-Mart. This requires the use of her hands to drive the cart and maneuver it in a crowded store. This is consistent with her other activities, which also require good use of her hands.

The claimant reports pain that is 8/10 on a daily basis. However, she performs activities such as driving a motor vehicle, which require a degree of concentration that is not consistent with such a high level of pain.

[R. 24]. The reasons given by the ALJ in his credibility finding are not supported by substantial evidence. As stated earlier, the record does contain objective evidence of degenerative changes in the plaintiff's knees. The plaintiff's use of a motorized cart when shopping at Wal Mart is more consistent with limited mobility because of arthritis and chondromalacia than demonstrating she has good use of her hands. Because the ALJ's reasons for failing to credit the plaintiff's pain testimony are not supported by substantial evidence, her testimony must be taken as true. At the administrative hearing, the plaintiff testified that everyday her pain was an eight on a ten-point scale. [R. 52]. The Vocational Expert testified:

I think that the pain level of eight out of ten, which I would equate to moderately severe pain, which is at a level that would interfere with a

person's or preclude a person's ability to concentrate and maintain a pace
on the job.  With those additional stipulations that would rule out all work.

[R. 61].

Although reversal of this case is warranted, remand would also be proper
because of the existence of new and material evidence.  On April 11, 2007, x-rays of the
plaintiff's knees revealed degenerative changes of both knees.  [R. 286-287].  These
images are objective findings of medically determinable impairment which the ALJ did
not find.  The plaintiff submitted these records to the Appeals Council, which issued a
boilerplate denial.  Plaintiff's attorney has requested in the alternative that this action be
remanded for proper consideration of that evidence.  "[W]hen a claimant properly
presents new evidence to the Appeals Council, a reviewing court must consider whether
the new evidence renders the denial of benefits erroneous."  Ingram at 1262.   The
Appeals Council committed reversible error in failing to either review the plaintiff's case
or to remand it for further proceedings.

## CONCLUSION

For the reasons set forth above, the Commissioner failed to carry his burden
at step five of showing the plaintiff could perform other work.  Accordingly, the plaintiff
is disabled within the meaning of the Social Security Act.  An appropriate order
remanding the action with instructions that the plaintiff be awarded the benefits claimed
will be entered contemporaneously herewith.

DONE and ORDERED 27 May 2010.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.